FILED by \_\_JA\_\_ D.C.

Jun 29, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**22-20290-CR-BLOOM/OTAZO-REYES**
CASE NO. _____

18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

ERIC DEAN SHEPPARD,

    Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

### The Small Business Administration, the COVID-19 Emergency, and the CARES Act

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted on March 27, 2020, to provide emergency financial assistance to Americans suffering economic harms from the COVID-19 pandemic. To achieve this goal, the CARES Act established new temporary programs and expanded existing programs administered by the United States Small Business Administration ("SBA").

### The Paycheck Protection Program

2. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

3. Businesses could apply for PPP loans by submitting a PPP loan application (SBA Form 2483). The PPP loan application required that these businesses acknowledge, through authorized representatives, the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application, these businesses, through authorized representatives, had to state their: (a) average monthly payroll expenses, and (b) number of employees. These figures were used to calculate the amount of money the applicant businesses were eligible to receive under the PPP. In addition, these businesses had to provide documentation evidencing their payroll expenses; typically, businesses would supply documents showing the amount of payroll taxes reported to the IRS.

4. A PPP loan application had to be processed by a participating lender or the participating lender's delegee. If a PPP loan application was approved, the lender funded the PPP loan using its own monies, which were fully guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the reports and documentation regarding the business's income and expenses, were transmitted by the lender to the SBA in the course of processing the loan.

5. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

## The Economic Injury Disaster Loan Program

6. The Economic Injury Disaster Loan ("EIDL") program was an SBA program that existed before the COVID-19 pandemic to provide low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

7. The CARES Act authorized the SBA to provide EIDLs to eligible small businesses experiencing substantial financial disruptions due to the COVID-19 pandemic. In order to obtain a COVID-19 EIDL, a qualifying business was required to submit an EIDL application to the SBA and provide information about its operations, such as the number of employees and gross revenues and cost of goods sold for the 12-month period preceding January 31, 2020. The applicant was also required to certify that the information in the application was true and correct to the best of the applicant's knowledge.

8. EIDL applications were submitted directly to the SBA, which processed the applications with support from a government contractor. The amount of the loan, if the application was approved, was determined based, in part, on the information provided in the application concerning the number of employees, gross revenues, and cost of goods sold. The SBA issued any funds under an EIDL directly to the applicant.

## The Defendant and Relevant Entities

9. HM MANAGEMENT AND DEVELOPMENT, LLC ("HMMD") was a Florida limited liability company with its principal address in either Miami, Florida or Bal Harbour, Florida.

10. Defendant, **ERIC DEAN SHEPPARD**, was the Manager of HMMD and had access to and control over HMMD's bank accounts at SunTrust Bank.

11. HM-UP DEVELOPMENT ALAFAYA TRAILS, LLC ("ALAFAYA TRAILS") was a Florida limited liability company with its principal address in either Miami, Florida or Bal Harbour, Florida.

12. Defendant, **ERIC DEAN SHEPPARD**, was the Manager of ALAFAYA TRAILS and had access to and control over ALAFAYA TRAILS' bank accounts at SunTrust Bank.

13. HM FOUR, LLC ("HM FOUR") was a Florida limited liability company with its principal address in either Miami, Florida or Bal Harbour, Florida.

14. Defendant, **ERIC DEAN SHEPPARD**, was the Manager of HM FOUR and had access to and control over HM FOUR's bank accounts at SunTrust Bank.

15. Defendant, **ERIC DEAN SHEPPARD**, was a resident of Miami-Dade County.

16. Company 1 was a company based in Salt Lake City, Utah, which processed PPP loan applications for approved SBA lenders of PPP loans and which itself was an approved SBA lender of PPP loans.

17. Company 2 was a company based in Fort Lee, New Jersey, which processed PPP loan applications for approved SBA lenders of PPP loans and which itself was an approved SBA lender of PPP loans.

18. Company 3 was a company based in Portland, Maine, which processed PPP loan applications for approved SBA lenders of PPP loans and which itself was an approved SBA lender of PPP loans.

**COUNTS 1-6**
**Wire Fraud**
**(18 U.S.C. § 1343)**

1. Paragraphs 1 through 18 of the General Allegations section of this Indictment are realleged and incorporated by reference as through fully set forth herein.

2. From in and around April 2020, through in and around March 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ERIC DEAN SHEPPARD,**

did knowingly, and with intent to defraud, devise, and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Sections 1343 and 2.

## PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for the defendant and his accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans and grants made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans and EIDLs; and (b) diverting fraud proceeds for the defendant's personal use, the use and benefit of others, and to further the fraud.

## SCHEME AND ARTIFICE

4. **ERIC DEAN SHEPPARD** and other accomplices submitted and caused to be submitted false and fraudulent PPP loan applications and EIDL applications on behalf of HMMD, ALAFAYA TRAILS, and HM FOUR, via interstate wire communications.

5. These false and fraudulent PPP loan and EIDL applications included, among other things, falsified tax forms that purported to substantiate nonexistent business profits and

misrepresentations about the borrowing entities' revenues, monthly payroll, and numbers of employees.

6.   Based on the false and fraudulent PPP loan and EIDL applications submitted as part of this scheme, Company 1, Company 2, and Company 3 disbursed PPP loan proceeds, and the SBA disbursed EIDL proceeds to bank accounts held by HMMD, ALAFAYA TRAILS, and HM FOUR, all controlled by **ERIC DEAN SHEPPARD**.

7.   **ERIC DEAN SHEPPARD** thereafter used the fraudulently obtained proceeds for his personal use and benefit.

## USE OF WIRES

8.   On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant, **ERIC DEAN SHEPPARD,** for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds:

| Count | Approximate Date | Description of Wire |
|---|---|---|
| 1 | April 15, 2020 | Electronic submission of a false and fraudulent PPP loan application on behalf of Alafaya Trails, from the Southern District of Florida to Company 1, resulting in a PPP loan of approximately $146,457. |
| 2 | July 24, 2020 | Electronic submission of a false and fraudulent EIDL application on behalf of HMMD, from the Southern District of Florida to the SBA, resulting in an EIDL of approximately $149,900. |

| Count | Approximate Date | Description of Wire |
|---|---|---|
| 3 | July 24, 2020 | Electronic submission of a false and fraudulent EIDL application on behalf of Alafaya Trails, from the Southern District of Florida to the SBA, resulting in an EIDL of approximately $149,900. |
| 4 | October 22, 2020 | Electronic submission of a false and fraudulent EIDL application on behalf of HM Four, from the Southern District of Florida to the SBA, resulting in an EIDL of approximately $149,900. |
| 5 | March 12, 2021 | Electronic submission of a false and fraudulent PPP loan application on behalf of HMMD, from the Southern District of Florida to Company 2, resulting in a PPP loan of approximately $148,591. |
| 6 | March 12, 2021 | Electronic submission of a false and fraudulent PPP loan application on behalf of Alafaya Trails, from the Southern District of Florida to Company 3, resulting in a PPP loan of approximately $148,397. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **ERIC DEAN SHEPPARD**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

███████████
FOREPERSON

For JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

MARTY FULGUEIRA ELFENBEIN
ASSISTANT UNITED STATES ATTORNEY

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ERIC DEAN SHEPPARD,

_____/
Defendant.

**Court Division** (select one)
- ☑ Miami
- ☐ Key West
- ☐ FTP
- ☐ FTL
- ☐ WPB

CASE NO.:

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect:

4. This case will take  5  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I  ☑ 0 to 5 days
   - II  ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV ☐ 21 to 60 days
   - V  ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge                        Case No.
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No.
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge                        Case No.
9. Defendant(s) in federal custody as of
10. Defendant(s) in state custody as of
11. Rule 20 from the               District of
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____
MARTY FULGUEIRA ELFENBEIN
Assistant United States Attorney
FLA Bar No.     0020891

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**:  ERIC DEAN SHEPPARD

**Case No**: _____

Counts #: 1-6

Wire Fraud

Title 18, United States Code, Section 1343
* Max. Term of Imprisonment: 20 years as to each count
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.