UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-20290-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

ERIC DEAN SHEPPARD,

    Defendant.
_____/

## ORDER ON MOTION FOR BILL OF PARTICULARS

**THIS CAUSE** is before the Court upon Defendant Eric Dean Sheppard's ("Defendant") Motion for Bill of Particulars, ECF No. [37] ("Motion"). The Government filed its Response in Opposition, ECF No. [38] ("Response"), to which Defendant filed a Reply, ECF No. [39], ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

    **I.**    **BACKGROUND**

On June 29, 2022, the Government filed a six-count Indictment alleging that Defendant committed wire fraud in connection with three loan applications made under the Paycheck Protection Program ("PPP") and three loan applications made under the Economic Injury Disaster Loan Program ("EIDL"). ECF No. [3]. The Indictment alleges that Defendant "did knowingly, and with intent to defraud, devise, and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made…" *Id*. at ¶ 2. Relevantly, the Indictment states that Defendant "and other accomplices

submitted and caused to be submitted false and fraudulent PPP loan applications and EIDL applications…" *Id. at* ¶ 4. The Indictment asserts that "[t]hese false and fraudulent PPP loan and EIDL applications included, among other things, falsified tax forms that purported to substantiate nonexistent business profits and misrepresentations about the borrowing entities' revenues, monthly payroll, and numbers of employees." *Id*. at ¶ 5.

On December 9, 2022, Defendant filed the instant Motion seeking a bill of particulars and contends that the Indictment does not provide sufficient notice of the alleged fraudulent misrepresentations, alleged diversion of proceeds, or identities of alleged accomplices. ECF No. [37]. The Government responds that it has sufficiently disclosed the requested information in the Indictment and the discovery, and a bill of particulars is not necessary. ECF No. [38]. The Government argues that the Motion should be denied because Defendant seeks information detailing the Government's theory of the case at trial, which Federal Rule of Criminal Procedure 7(f) does not authorize. *Id*. Defendant replies that Court should exercise its broad discretion to grant a bill of particulars because the Government's Response was based on the incorrect premise that Defendant seeks evidence pre-trial to which he is not entitled and to discover the Government's theory of the case. ECF No. [39].

## II.    LEGAL STANDARD

Federal Rule of Criminal Procedure 7(f) governs motions for bills of particulars:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed.R.Crim.P. 7(f).

"The purpose of a true bill of particulars is threefold: to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at

trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (internal quotation marks and citation omitted). "A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation." *Id*. (emphasis in original).

"[A] defendant is not entitled to a bill of particulars 'with respect to information which is already available through other sources.'" *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990) (quoting *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.)); *see also United States v. Roberts*, 174 F. App'x 475, 478 (11th Cir. 2006) ("A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery and it is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." (internal quotation marks omitted)).

### III. DISCUSSION

As noted, Defendant seeks a bill of particulars and argues that the Indictment does not provide sufficient notice of the alleged fraudulent misrepresentations, alleged diversion of proceeds, or identities of alleged accomplices. ECF No. [37]. The Government responds that it has sufficiently disclosed the requested information and Defendant seeks information detailing the Government's theory of the case not authorized by Federal Rule of Criminal Procedure 7(f). ECF No. [38]. The Court addresses each argument in turn.

#### A. Fraudulent Misrepresentations

Defendant claims the overboard, general claims of misrepresentation contained in the Indictment are insufficient because (1) the Government included the safety hatch language

"included, among other things;" (2) the Indictment does not attempt to identify a single alleged materially false and fraudulent representation for each Loan Application that is charged in each separate count; and (3) there is no legitimate reason for the Government to not plainly and clearly allege which representations it will rely on for each loan application, for each count it charged. ECF No. [37] at 3. Defendant points out that "[i]n a wire fraud charge a defendant must be provided notice as to which of his statements the government contends are false or fraudulent" ECF No. [37] at 2 n. 1 (citing *United States v. Velez*, No. 05-20770-CR, 2008 WL 11454799, at *2 (S.D. Fla. July 11, 2008); *see also United States v. McCoy*, 492 F. Supp. 540, 545 (M.D. Fla. 1980)).

The Government responds that the Defendant has full notice of the wire fraud charges against him through both the Indictment and discovery. ECF No. [38] at 4. The Government cites both an Eleventh Circuit decision affirming the district court's denial of a bill of particulars that sought every material misrepresentation the government intended to show at trial, and cites numerous cases from this district and the Northern District of Georgia finding that a bill of particulars was unnecessary to avoid surprise or prepare a defense. ECF No. [38] at 5-10 (citing *United States v. Holzendorf*, 576 F. App'x 932, 935-36 (11th Cir. 2014); *United States v. Detling*, 1:18-CR-309-LMM-LTW, 2019 WL 3006623 (N.D. Ga. Apr. 30, 2019), *report and recommendation adopted,* 1:18-CR-309-LMM-LTW, 2019 WL 2284726 (N.D. Ga. May 29, 2019); *United States v. Bickers*, 1:18-CR-98-SCJ-LTW, 2019 WL 7559292 (N.D. Ga. Sept. 17, 2019), *report and recommendation adopted,* 1:18-CR-00098-SCJ, 2019 WL 5587050 (N.D. Ga. Oct. 30, 2019); *United States v. Palacio*, 21-20301-CR, 2021 WL 4066894 (S.D. Fla. Sept. 7, 2021)).

The Court finds *Holzendorf* to be controlling. In *Holzendorf*, the Eleventh Circuit noted that the request for a bill of particulars "was nothing more than a thinly veiled attempt to have the

government make a detailed disclosure of the evidence that it planned to present at trial" which is "not an appropriate basis for seeking a bill of particulars." *Holzendorf*, 576 F. App'x at 935-36. In that case the Defendant "sought a bill of particulars detailing every single material misrepresentation the government intended to show at trial." *Id*. at 935. The Eleventh Circuit pointed out that the information sought was already available from other sources including coconspirators' trial transcripts and the government's response which listed nine types of misrepresentations that it intended to prove at trial. *Id*. at 936. As a result, the Eleventh Circuit determined that the defendant could not show that he was actually surprised at trial. *Id*.

Here too, Defendant will not be surprised at trial if the Court declines to grant a bill of particulars. The facts of the two cases are analogous. Defendant requests that the Government provide a bill of particulars stating all of the misrepresentations upon which it intends to rely, and the Government responds that it has already provided everything necessary for Defendant to prepare his defense. The Government in its Response refers Defendant to the misrepresentations it intends to prove at trial. *See* ECF No. [38] at 9. The Government states "The PPP applications contain misrepresentations regarding borrowing entities' revenues, monthly payroll, and numbers of employees. Likewise, the EIDL applications contain misrepresentations regarding the cost of goods sold and the number of employees at each entity. The documents submitted in connection with the loan applications also contain falsified tax forms, which in and of themselves contain misrepresentations regarding each entity. Thus, the Indictment explains the types of misrepresentations contained within the loan file and the Defendant simply needs to review the loan applications and files, which are not voluminous, to obtain the details." *Id*. In light of the disclosures made by the Government and the similarity in both the scope of the request and the circumstances between *Holzendorf* and the instant case, the Court agrees with the Government that

a bill of particulars is not necessary to supplement the Indictment to detail the fraudulent misrepresentations upon which the Government will rely.

In this case Defendant argues that the Indictment is insufficient to inform the defense of the basis for the charges in the Indictment, the Government is attempting to burden the defense with fishing through 11,000 pages of discovery to locate what misrepresentations the Government relied on in obtaining the Indictment, and the Government cannot say that just because the misrepresentations are based on the Defendant's own statements the Government is not required to tell the defense of the misrepresentations because the Defendant will not be unfairly surprised. ECF No. [39] at 2-3. To the extent that the Indictment lists certain fraudulent misrepresentations "among other things," *see* ECF No. [3], the Court is persuaded that the Government has provided discovery to supplement the Indictment and inform the Defendant of the fraudulent misrepresentations it intends to present at trial. Furthermore, the Government has directed Defendant to the loan applications which contain the misrepresentations, so Defendant is not being burdened with a "fishing expedition" as he complains.

B. Diversions of Proceeds

Defendant contends that a bill of particulars listing Defendant's alleged misuse and diversion of proceeds is necessary because the allegations about alleged misuse and diversion of proceeds in the Indictment provide insufficient notice. ECF No. [37] at 4. Specifically, Defendant argues that (1) the Indictment fails to identify the alleged misuses or diversion at all and certainly on a per-loan and per-count basis and (2) the Indictment is contradictory, confusing, and unclear on whether the alleged misuse and diversion are part of the charged crimes themselves as opposed to motive to commit them. *Id*.

The Government responds that the Indictment explains that "the purpose of the scheme and artifice involved in the wire fraud here was, in part, to divert fraud proceeds for the defendant's personal use." ECF No. [38] at 11. The Government argues that Defendant's request is an attempt to obtain the Government's theory of the case as to the improper use. ECF No. [38] at 11-12 (citing Jafari, 2020 WL 7090698, at *6; Palacio, 2021 WL 4066894 at *2-3). The Government contends that Defendant can "look at the bank documents produced in discovery to determine whether the EIDL money was used for a permitted or unpermitted purpose." *Id*. at 11. The same can be done for funds obtained through the PPP loans. *See id.*

The Government has made a persuasive showing that the information sought in a bill of particulars is readily available to Defendant via specific discovery already produced. Just as with the request for a bill of particulars detailing fraudulent misrepresentations, here the Government has provided all of the information necessary for Defendant to prepare his defense. The Government provided the rules regarding how the loan funds were permitted to be used and bank records demonstrating how the funds were actually used. Defendant therefore has all of the information necessary to avoid surprise at trial. As stated above, "A bill of particulars is not required where the information sought has already been provided by other sources…" *Roberts*, 174 F. App'x at 475. Therefore, the Court denies the request for a bill of particulars regarding the alleged misuse and diversion of proceeds.

C. **Accomplices and Others**

Defendant argues that the Indictment does not disclose the identities of the unnamed "accomplices" and "others" involved in the charged crimes. Although Defendant indicates that there is sometimes a reason not to disclose the identities of unindicted co-conspirators, there does not appear to be any justification here. ECF No. [37] at 5. Defendant also argues that the

information was not disclosed in discovery either. *Id*. The Government responds that the Court should deny the request for the names of any accomplices because a bill of particulars is not the appropriate vehicle to seek such information and that the information is already available in the discovery. ECF No. [38] at 12.

In support of his Motion, Defendant cites *United States v. Barrentine*, saying "A bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plants to use as witnesses at trial. . . It is not uncommon for the trial judge to require the government to disclose their names when information is necessary in a defendant's preparation for trial." ECF No. [37] at 5 n. 2 (citing *Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979)). In *Velez*, the court considered that argument and determined that *Barrentine* still controls, and a bill of particulars is proper to obtain the identity of unindicted participants. *Velez*, 2008 WL 11454798, at *1-*2. The Government responds that a criminal defendant does not have a right to obtain a list of witnesses by calling his request a bill of particulars. ECF No. [38] at 12 (citing *Palacios*, 2021 WL 4066894 at *2–4).

Since the ruling in *Barrentine*, the Eleventh Circuit ruled in *Anderson* that, "[t]o allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule." *United States v. Anderson*, 799 F.2d at 1442. The Eleventh Circuit stated that "[a] defendant who desires a list of government witnesses—or "unindicted co-conspirators"—could [] bypass the Rule 16(b) restriction on discovery by asking for and receiving a "bill of particulars" pursuant to Fed.R.Crim.P. 7(f)." *Id*. Ultimately, the Eleventh Circuit declined "to apply a mechanical rule whereby a bill of particulars is automatically accorded the status of a supplement to an indictment." *Id*.

Analyzing the Motion under the facts of this case, the Court agrees with the Government. The Government contends that it provided the names of any accomplices in the discovery already turned over and Defendant need only read the loan documents which constitute the first 750 pages of discovery in order to discover the names of any accomplices. ECF No. [38] at 13. Moreover, Defendant is charged with six separate counts of Wire Fraud and there is no element of any count of the Indictment that requires the Government to prove that the Defendant engaged in a conspiracy or acted in concert with another. *See* ECF No. [3]. Because the information is available to Defendant and not an element of any charged offense, the Court denies Defendant's request for a bill of particulars identifying unnamed accomplices and others involved in the charged crimes.

IV.   **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [37]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 19, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record