UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-20290-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERIC DEAN SHEPPARD,

    Defendant(s).
_____/

## ORDER ON DEFENDANT'S MOTION *IN LIMINE*

**THIS CAUSE** is before the Court on Defendant Eric Dean Sheppard's ("Defendant") Motion *in Limine*, ECF No. [84] ("Motion"), to which the Government filed a Response, ECF No. [91]. The Court has reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise duly advised. For the reasons that follow, the Motion is granted in part and denied in part.

    **I.    BACKGROUND**

On August 23, 2024, the Government filed a Superseding Indictment charging Defendant with nine Counts of Wire Fraud, in violation of 18 U.S.C. § 1343 and five Counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. ECF No. [60]. The Government alleges that Defendant submitted false and fraudulent Paycheck Protection Program (PPP) and Economic Injury Disaster Loan (EIDL) Program loan applications on behalf of three companies and that Defendant forged signatures of other persons for certain documents submitted in support of the loan applications. ECF No. [84] at 1; *see also* ECF No. [60] at 1-3 (describing the PPP and EIDL programs). Defendant seeks to exclude evidence relating to six subjects, listed as Motions *in*

*Limine* numbers one (1) through six (6). Defendant asserts the following reasons: First, evidence of "other collateral business disputes or allegations made by [Defendant's] business associates" should be excluded under Rule 404(b) of the Federal Rules of Evidence as "classic propensity evidence," under Rule 402 of the Federal Rules of Evidence because such disputes and allegations are irrelevant, and under 403 of the Federal Rules of Evidence because such disputes and allegations would cause unfair prejudice, confuse the issues, waste time, or mislead the jury. ECF No. [84] at 3-4 (citing *Wildstein Investments, Inc. v. Sheppard Flagler Holdings, LLC.*, No. 18-10456-CA-01 (Fla. Miami-Dade County Ct. filed Apr. 2, 2018)). Second, evidence related to Defendant's "personal relationships, children and family life" should be excluded under Rule 402 because it is irrelevant to whether Defendant committed Wire Fraud or Aggravated Identity Theft and under Rule 403 because it is unfairly prejudicial since that evidence is inflammatory. *Id.* at 4. Third, Defendant seeks to exclude the testimony of Defendant's personal accountant and the Government's expert witness. In Defendant's view, to the extent that testimony relates to Defendant's uncharged alleged tax violations, that testimony is inadmissible under Rule 404(b), under Rule 402 because such testimony is irrelevant, and under Rule 403 as either unfairly prejudicial to Defendant or confusing or misleading to the jury. *Id.* at 5. Fourth, Defendant seeks to exclude evidence of his personal wealth and lifestyle under Rule 402 because such evidence is irrelevant and under Rule 403 because the evidence would unfairly prejudice Defendant since such evidence may appeal to the jury's "class bias." *Id.* at 6. Fifth, Defendant seeks to exclude evidence regarding his "prior disgruntled employees or worker[s'] criticisms about nonpayment" as irrelevant and unfairly prejudicial under Rule 403 as it may cast him in a negative light and as improper under Rule 404(b). *Id.* at 6. Finally, Defendant seeks additional time within which to file an appropriate response in opposition to the Government's 404(b) notice of intent to use

documents related to a potential employee's visa application and alleged forgery. *Id.* at 6-7. The Government opposes the Motion. The Government opposes Motions *in Limine* Nos. 1 through 5 and has no objection to additional time to respond to the Government's notice of intent to use rule 404 (b) evidence.

## II.   LEGAL STANDARD

A motion *in limine* is typically one to "exclude anticipated prejudicial evidence before the evidence is actually offered." *United States v. Stephenson*, 550 F. Supp. 3d 1246, 1250 (M.D. Fla. 2021) (quoting *United States v. Fernetus*, 838 F. App'x 426, 432 (11th Cir. 2020) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984))). In addition, motions *in limine* may enable the Court to rule on the relevance of evidence and other issues before trial, thereby aiding the trial process. *See United States v. Laurent*, 603 F. Supp. 3d 1247, 1251 (S.D. Fla. 2022). However, "the better practice [is] to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there." *Id.* (quoting *Mowbray v. Carnival Corp.*, No. 08-20937-CIV, 2009 WL 10667070, at *2 (S.D. Fla. April 13, 2009)). Thus, the Court may exclude evidence *in limine* only when "evidence is clearly inadmissible on all potential grounds." *Id.* (citation omitted). Otherwise, "evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." *Id.* (quoting *Mowbray*, 2009 WL 10667070, at *6).

The burden is on the movant to demonstrate that evidence is inadmissible on any relevant ground. *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (citing *In re Seroquel Prods. Liab. Litig.*, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009)). A district court's ruling on a motion *in limine* is subject to change, in any event. *United States v. Dorvilus*, 357 F. App'x 239, 246 (11th Cir. 2009) (citing *Luce*, 469 U.S. at 41-42 ("[E]ven if nothing unexpected happens at trial, the

district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.")).

### III. DISCUSSION

Under the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. In pertinent part, relevant evidence is admissible unless the Federal Rules of Evidence provide otherwise, and irrelevant evidence is not admissible. Fed. R. Evid. 402. Pertinent here, under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. And under Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, evidence of a crime, wrong, or act "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

#### A. Motion *in Limine* No. 1

Defendant seeks to exclude evidence of business disputes or allegations made by Defendants' business associates because Defendant is concerned the Government will attempt to suggest to the jury that Defendant has lied to and cheated banks and the Small Business Administration via the PPP and EIDL Program because Defendant has allegedly lied to and cheated those business associates. ECF No. [84] at 3-4. Defendant maintains the evidence would invite the jury to consider extraneous facts and matters, "would be highly prejudicial" to

4

Defendant, and "would confuse the issues, and would mislead the jury." *Id.* at 4. Moreover, "[t]his evidence will certainly result in mini side trials about other disputes" and waste time. *Id.*

The Government responds that Defendant does not indicate what collateral business disputes he is referring to, except as to the *Wildstein Investments* matter. As to that case, the Government points out that it turned over the defense transcripts of the Defendant's deposition and the deposition of others in that case in an abundance of caution. ECF No. [91] at 2. The Government asserts that it intends to introduce evidence that is intrinsic to the crimes charged, evidence that is admissible as inextricably intertwined with the charges, and evidence properly allowed under Rule 404(b).[1] *Id.*

It is Defendant's burden to show that evidence is inadmissible on any relevant ground. *Gonzalez*, 718 F. Supp. 2d at 1345. Defendant fails to meet this burden because he does not identify any particular evidence that is excludable under Rules 402, 403, or 404(b). To the extent Defendant seeks to exclude deposition testimony from the *Wildstein Investments* matter, that evidence is not before the Court; it therefore cannot make any evidentiary determination at this juncture. To the extent the Government seeks to introduce as intrinsic evidence or otherwise any business disputes or allegations made by business associates at trial, the Government will bear the burden of showing the propriety of the introduction of such evidence, and Defendant may reraise its objections at that point.

---

[1] Generally, "[r]elevant direct evidence of a crime charged is always admissible unless it falls under a rule of exclusion." *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013) (citation omitted). Apart from direct evidence, the Eleventh Circuit deems intrinsic evidence admissible if it is "inextricably intertwined with the evidence regarding the charged offense." *Troya*, 733 F.3d at 1131. Evidence is inextricably intertwined if it pertains to "the chain of events explaining the context, motive and set-up of [a] crime" and is properly admitted if "[1] linked in time and circumstances with the charged crime, . . . [2] forms an integral and natural part of an account of the crime, or [3] is necessary to complete the story of the crime for the jury." *See United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985) (citation omitted).

### B. Motion *in Limine* No. 2

Defendant seeks to exclude evidence of his personal relationships, children, and family as irrelevant and potentially inflammatory. ECF No. [84] at 4. The Government responds that it expects to call as witnesses current and former workers and independent contractors who performed jobs for Defendant who have information on PPP loans that included the names of "many individuals whom [D]efendant claimed werer his W-2 employees." ECF No. [91] at 2-3. To the extent those individuals have or had a "personal" relationship with Defendant, the Government states that it does not seek to elicit testimony about Defendant's personal life. *Id.*[2] The Government would seek to introduce evidence about Defendant's family if, for example, proceeds from the charged conduct were used to pay for one of Defendant's child's college tuition. *Id.* at 3.

As with Motion *in Limine* No. 1, Defendant has failed to put forth any specific evidence he seeks to exclude. He therefore fails to carry his burden to exclude any evidence that may relate to his personal or familial relationships.

### C. Motion *in Limine* No. 3

Defendant seeks to exclude evidence pertaining to alleged uncharged tax violations by Defendant. ECF No. [81] at 5. As background, the Government responds that the PPP enables businesses to apply for a loan based on 2.5 times their average monthly payroll as calculated using wages reported on the employees' IRS Form W-2 (monthly W-2 payroll). ECF No. [91] at 3. The Government maintains that Defendant submitted falsified documentation to the IRS that inflated his monthly W-2 payroll, specifically by allegedly converting his entire employee workforce into

---

[2] However, the Government reserves the right to cross-examine witnesses if Defendant attempts to put forth purported falsehoods about his personal life. *Id.* at 3.

Case 1:22-cr-20290-BB   Document 111   Entered on FLSD Docket 09/28/2023   Page 7 of 10

Case No. 22-cr-20290-BLOOM

independent contractors by the end of 2019. *Id.* The Government also intends to prove that Defendant failed to pay his tax withholding obligations. *Id.* at 4.

As with Motions *in Limine* Nos. 1 and 2, Defendant fails to identify what specific evidence he seeks to exclude. For that reason, the Court cannot decide whether Defendants' alleged conduct with respect to his IRS filing and withholding obligations is intrinsic to the charged conduct. Accordingly, the better approach is for the Court to defer ruling on any objections to the introduction of tax-related evidence until the Government seeks to introduce such evidence at trial.

### D. Motion *in Limine* No. 4

Defendant seeks to exclude evidence concerning his wealth and lifestyle, such as photographs of Defendant's home and personal tax returns, on the grounds that such evidence would appeal to the jury's class bias. ECF No. [84] at 4. The Government contends that the Defendant's home is relevant in this action because the Internet Protocol (IP) addresses captured by lenders of loan processors in connection with the submission of allegedly fraudulent PPP loan applications point to that home and the photographs taken of the exterior of Defendant's home address depict the "scene of the crimes" charged in the Superseding Indictment. ECF No. [91] at 4-5. Regarding the tax returns, the Government represents that any of Defendants' businesses' income or losses are reported on his individual tax returns. *Id.* at 5. Defendants' individual tax returns are thus relevant to the crimes charged in this case. *Id.*

To the extent that the photographs establish that the IP addresses from which fraudulent PPP loan applications were allegedly submitted are the IP addresses of Defendant's home, the location of the "scene of the crimes," then those photographs would be conditionally relevant. *See* Fed. R. Evid. 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the

proposed evidence on the condition that the proof be introduced later."). But the Court cannot discern how the exterior of Defendants' home tends to prove that the relevant IP addresses are associated with the home. Absent further evidence, the photographs of Defendants' home are irrelevant and inadmissible.

As for Defendant's individual tax returns, the Government's Response indicates that the individual tax returns may be necessary to complete the story of the charged offenses to the jury if the returns pertain to a chain of events explaining the context, motive, or set-up of those offenses. On that basis, the individual tax returns would be admissible as evidence that is inextricably intertwined with the charged crimes. *See Williford*, 764 F.2d at 1499. The Motion is therefore denied as to Defendants' personal tax returns.

### E.  Motion *in Limine* No. 5

Defendant seeks to exclude evidence "regarding his prior disgruntled employees or worker[s'] criticisms about nonpayment" on the grounds that such evidence is irrelevant, unfairly prejudicial, and improper character evidence. ECF No. [84] at 6. The Government responds that Defendants' nonpayment of wages to independent contractors is intrinsic evidence necessary to "complete the story" because it is evidence of Defendants' improper use of PPP funds. ECF No. [91] at 5. In addition, the evidence is relevant to the disgruntled employees or workers' potential bias, which is proper to adduce on direct examination. *Id.*

Evidence of nonpayment of Defendants' workers is relevant to establishing that Defendants' share of PPP funds did not go to its intended use under that program. That circumstance may support that the PPP and EIDL applications were false, or based on falsified documents, and Defendant and his alleged accomplices used the funds for their own use and to further the alleged fraud. ECF No. [60] ¶¶ 3-9. Such details would provide the jury with a fuller

account of the purported scheme to defraud the PPP and EIDL programs, if one existed, and is admissible as intrinsic evidence for that purpose. *See Williford*, 764 F.2d at 1499. Moreover, impeachment of a witness for bias is permissible. *See United States v. Gearheart*, No. 7:23-CR-00013, 2023 WL 3808112, at *4 (W.D. Va. June 5, 2023) ("Proof of bias is almost always relevant because the jury, as the finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." (quoting *United States v. Abel*, 469 U.S. 45, 52 (1984))).

To the extent there is a risk the jury may infer from such evidence that Defendant has a propensity to defraud, Defendant may request a limiting instruction. *See United States v. Elysee*, 993 F.3d 1309, 1342 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2782, 213 L. Ed. 2d 1018 (2022) ("Whenever a district court admits a statement for one purpose but not another, it must, 'on timely request, [ ] restrict the evidence to its proper scope and instruct the jury accordingly.'" (citing Fed. R. Evid. 105)).

F. **Motion *in Limine* No. 6**

Defendant seeks additional time within which to file an appropriate response to the Government's notice of intent to rely on 404(b) evidence, ECF No. [77], which concerns documents produced by the Government that are related to a potential employee's visa application and alleged forgery. ECF No. [84] at 6-7. The Government does not object to Defendant's request. ECF no. [91] at 6. Accordingly, the Court defers its ruling on the Motion.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion *in Limine*, **ECF No. [84]**, is **GRANTED IN PART AND DENIED IN PART:**

Case No. 22-cr-20290-BLOOM

    a. Defendant's motion *in limine* no. 1 is **DENIED**.

    b. Defendant's motion *in limine* no. 2 is **DENIED**.

    c. Defendant's motion *in limine* no. 3 is **DENIED**.

    d. Defendant's motion *in limine* no. 4 is **GRANTED IN PART AND DENIED IN PART**. The Government may not seek to introduce into evidence photographs of the exterior of Defendant's home. The Government, however, may introduce evidence of Defendant's individual tax returns.

    e. Defendant's motion *in limine* no. 5 is **DENIED**.

    f. Defendant's motion *in limine* no. 6 is **DEFERRED** until the Defendant has responded to the Government's notice of intent to use Rule 404(b) evidence. The Defendant's response shall be filed by **October 2, 2023.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 27, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record