UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-20290-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERIC DEAN SHEPPARD,

    Defendant(s).
_____/

## ORDER ON MOTION TO EXCLUDE

**THIS CAUSE** is before the Court on Defendant Eric Dean Sheppard's ("Sheppard") Emergency Motion to Prevent a Government-Induced Mistrial Based on Seizure of J.V.'s Phone, ECF No. [167] ("Motion"), filed on December 27, 2023. The Court ordered the Government to file an expedited Response, ECF No. [168], and the Government complied, filing its Response on December 29, 2023, ECF No. [169]. The Court has considered the Motion, the Response, and is otherwise fully advised. For the following reasons, the Motion is denied.

### I. BACKGROUND

The Court has previously set forth background on the above-styled action, *see* ECF Nos. [40], [111], [121], [123], and assumes the parties' familiarity with the facts. Sheppard filed the instant Motion after the first day of his testimony and during a break in the proceedings. As pertinent to the Motion, Sheppard testified that he had not uploaded bank records to PayPal and did not recall who did so. Sheppard later testified that J.V., one of Sheppard's deceased former business associates, may have been one of the individuals who "physically uploaded" the PayPal loan application onto a portal, that J.V. said something to the effect of "Okay. Where do I go?

Where do I go? Okay. Great. Great. Great. Great." after being asked to help with the PayPal loan, and that J.V. was "a very aggressive guy" who "looks to do things."

In the Motion, Sheppard requests that the Court enter an immediate order barring the Government from accessing, reviewing, or using any part of J.V.'s phone. ECF No. [167] at 7.[1] In support, Sheppard states that the Government emailed his counsel indicating its intent to introduce evidence from J.V.'s phone that that J.V.'s widow had authorized to search and seize. ECF No. [167] at 1-2. Sheppard contends that the Government's attempt to introduce such evidence, which he urges is new and previously undisclosed, violates the Government's obligations under the Supreme Court's decision in *Brady v. Maryland*, 373 U.S. 83 (1963), and Rule 16 of the Federal Rules of Criminal Procedure. *Id.* at 1, 6; *see also* Fed. R. Crim. P. 16(d)(2)(C) (permitting a district court to prohibit a party from introducing evidence that it failed to disclose as required by the Rule).[2] More still, Sheppard accuses the Government of doing so to manufacture a mistrial. *Id.* at 6-7.

The Government responds that Sheppard raised for the first time the possible defense that J.V. had access to his computer or computers and uploaded false and forged documents to lend support to his loan applications without his knowledge. ECF No. [169] at 1. The Government submits that it "does not have an obligation to disclose its proposed rebuttal evidence to the

---

[1] Sheppard also requests that the Court prohibit the Government from arguing "the alleged 404(b) evidence" in its closing argument. *Id.*; *see also* ECF Nos. [77] (Notice of Intent to Use Rule 404(b) Evidence), [113] (Defendant's Response to Notice of Rule 404(b) Evidence, Motion in Limine, and Request for Evidentiary Hearing), [123] (order denying Defendant's request that the Court exclude the testimony of J.G. and any purported evidence relating to said Visa Documents). Sheppard provides no basis in fact or law that justifies that Court's reconsideration of its denial of his request to exclude 404(b) evidence, the Court thus declines to do so.

[2] Unless otherwise stated, all references to the Rules are to the Federal Rules of Criminal Procedure.

2

defendant", citing *inter alia United States v. Windham*, 489 F.2d 1389, 1392 (5th Cir. 1974). ECF No. [169] at 2.[3]

## II. LEGAL STANDARD

Rule 16 of the Federal Rules of Criminal Procedure "is the primary rule governing pretrial discovery in criminal cases, and it 'spells out the materials the prosecution must produce on the defendant's request.'" *United States v. Russell*, No. 22-20348, 2022 WL 17736195, at *1 (S.D. Fla. Dec. 17, 2022) (quoting *United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003)). In addition to the discovery obligations embodied by Rule 16, a criminal defendant's due process rights obligate the prosecution to disclose information that is favorable to the defendant and that is material either to guilt or to punishment. *Brady v. Maryland*, 83 S. Ct. 1194 (1963).

Favorable evidence for *Brady* purposes includes both exculpatory and impeachment evidence. *See Giglio v. United States*, 92 S. Ct. 763 (1972); *Jordan*, 316 F.3d at 1253. But mere "favorableness" to the defendant is not enough to qualify for *Brady* protections—the information must also be material. Evidence "is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993).

In *Giglio v. United States*, 405 U.S. 150 (1972), the Supreme Court extended *Brady* to disclosure of impeachment material. *U.S. v. Singleton*, No. 22-14048, 2023 WL 2164588, at *3 (S.D. Fla. Feb. 13, 2023). *See Jordan*, 316 F.3d at 1253. Under *Giglio*, "[w]hen the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility" justifies a new trial. *Giglio*, 405 U.S. at 153-54. The difference between *Brady* material

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

and *Giglio* material is that *Brady* information is exculpatory, meaning it "relates to evidence which directly tends to lessen a defendant's guilt," while *Giglio* material is impeaching, meaning that it relates to "witness credibility type evidence of a collateral nature . . . indirectly making it less likely that the defendant is guilty." *U.S. v. Hopkins*, 2008 WL 4453583, at *2 (E.D. Cal. Oct. 3, 2008). The purpose of *Giglio* and its progeny is "to insure that the jury knows the facts that might motivate a witness in giving testimony." *Brown v. Wainwright*, 785 F.2d 1457, 1465 (11th Cir. 1986) (quoting *Smith v. Kemp*, 715 F.2d 1459, 1467 (11th Cir.), cert. denied, 464 U.S. 1003, 104 S. Ct. 510, 78 L. Ed. 2d 699 (1983)).

### III. DISCUSSION

As the Government correctly notes, Sheppard—in violation of the Local Rules[4]—does not point out what *Brady* violation is occurring and cites no case law to support his accusations. The Court will not do Sheppard's research for him or make his arguments on his behalf. *See Est. of Rowell v. Walker Baptist Med. Ctr.*, 290 F.R.D. 549, 554 (N.D. Ala. 2013) ("It is not a court's task to research legal arguments on a party's behalf." (citations omitted)).

Nevertheless, the Court addresses the issue to the extent of its review of the parties' submissions to streamline the trial process.[5] Sheppard argues that the purported *Brady* violation is grounds for excluding evidence from J.V.'s phone in order to avoid a mistrial, but to the extent there is a *Brady* violation, it nevertheless follows from the reasoning in *Harris v. New York*, 401 U.S. 222, 225, 91 S. Ct. 643, 645, 28 L. Ed. 2d 1 (1971), a case cited in *Windham*, that the content

---

[4] *See* S.D. Fla. L.R. 7.1(a)(1) ("Every motion when filed and served shall incorporate a memorandum of law citing supporting authorities," except for certain listed motions not including the instant Motion); *see also* S.D. Fla. L.R. 7.1(a)(2) and (3).

[5] Sheppard maintains he is entitled to "slow this train down to protect the rights guaranteed to him", referring to the trial. ECF No. [167] at 7. But as set forth above, he has not shown a *Brady* violation has occurred.

of J.V.'s phone is admissible as impeachment evidence.[6] In *Harris*, the Supreme Court held that a statement which was inadmissible against a defendant in the prosecution's case in chief—because its elicitation failed to meet the procedural safeguards required by *Miranda v. Arizona*, 384 U.S. 436 (1966) since the defendant had not been advised of his rights to counsel and to remain silent prior to making statement—was properly usable for impeachment purposes to attack the credibility of defendant's trial testimony as the statement otherwise satisfied legal standards of trustworthiness. *Harris*, 401 U.S. at 226. In making that determination, the Court noted that impeachment evidence "undoubtedly provided valuable aid to the jury in assessing [the defendant's] credibility," and given that "the evidence in question" in that case was "made unavailable to the prosecution in its case in chief", the application of the exclusionary rule was not warranted. *Id.* at 225. *Harris* also noted that

> [e]very criminal defendant is privileged to testify in his own defense, or to refuse to do so. But that privilege cannot be construed to include the right to commit perjury. Having voluntarily taken the stand, petitioner was under an obligation to speak truthfully and accurately, and the prosecution here did no more than utilize the traditional truth-testing devices of the adversary process.

*Id.* (internal citations omitted).

Here, the Government represents that the possible defense that J.V. was the true culprit of the scheme to defraud in this case was "raised for the first time" when Sheppard took the witness stand. To the extent the Government seeks to introduce evidence from J.V.'s phone to impeach Sheppard's testimony on J.V.'s involvement with the loan application process, the report would be admissible for that purpose.

---

[6] In rejecting the defendant's argument that testimony of his former partner in a medical practice was so highly prejudicial as to outweigh its relevance, and that the district court's failure to exclude it was prejudicial, the *Windham* court, citing *Harris*, held that the failure by the Government to include on its witness list the names of two rebuttal witnesses was not prejudicial error. *Windham*, 489 F.2d at 1392.

Sheppard speculates that J.V.'s phone may have other information that the Government does not seek to collect that is *Brady* material. ECF No. [167] at 6. But that argument is without merit because the Government cannot search and seize items on J.V.'s phone for which they do not have consent. It follows that the Government cannot provide Sheppard those items. *See United States v. Avenatti*, 559 F. Supp. 3d 274, 280 (S.D.N.Y. 2021) ("the Government was under no obligation to disclose to Avenatti more than it obtained itself, so neither *Brady* nor Rule 16 calls for exclusion of the WhatsApp evidence here").

As for whether evidence from J.V.'s phone is excludable under Rule 16, the Court finds it is not. In *Windham*, the court stated that "[r]ebuttal witnesses are a recognized exception to all witness disclosure requirements." *Id.* at 1392. This principle is well settled. *See, e.g.*, *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1320 (11th Cir. 2019) (citing *Windham*, 489 F.2d at 1392). That being the case, and absent briefing on legal authorities to the contrary, it follows that rebuttal evidence in the form of evidence from J.V.'s phone is similarly excepted.

Accordingly, the evidence from J.V.'s phone is not excludable under Rule 16 on the grounds that the Government failed to disclose it at an earlier time.

IV.   **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that the Emergency Motion to Prevent a Government-Induced Mistrial Based on Seizure of J.V.'s Phone, **ECF No. [167]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 5, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record