**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 22-20290-CR-BLOOM(s)

**UNITED STATES OF AMERICA**

vs.

**ERIC DEAN SHEPPARD**

        **Defendant.**

_____/

**UNITED STATES' MEMORANDUM WITH SUPPLEMENTAL
AUTHORITY REGARDING RESTITUTION FOR VICTIM
UNDER MANDATORY VICTIMS RESTITUTION ACT**

      The United States of America, through the undersigned Assistant United States Attorney, hereby submits this memorandum to supplement its request for restitution for victim Neal Cupersmith, in light of the Court's ruling of June 3, 2024 (DE 251) granting the defendant's motion for judgment of acquittal as to Counts 13 and 14 of the Superseding Indictment. As discussed below, Mr. Cupersmith is a victim of the defendant's wire fraud scheme under 18 U.S.C. § 3663A. The government respectfully requests that the Court's restitution order include reimbursement to Mr. Cupersmith for his lost income and expenses incurred during his participation in the investigation and prosecution of the wire fraud offenses for which the defendant was convicted, and specifically Counts 8 and 9 of the Superseding Indictment.

**MEMORANDUM OF LAW**

      At trial, the defendant was convicted of four wire fraud counts, Counts 5, 7, 8, and 9. Count 8 involved the defendant's submission of a false and forged income tax return to support a second draw PPP loan application to Northeast Bank on behalf of HM-UP Development Alafaya Trails, LLC. Count 9 involved the defendant's submission of a PPP loan application to Cross

River Bank, with a false and forged income tax return, and a false IRS Form 940, to support the loan application made on behalf of HM Management and Development, LLC. Both wire fraud counts expressly listed those false and forged income tax returns for which the defendant stole Mr. Cupersmith's identity, including his signature and preparer tax identification number.

Mr. Cupersmith is requesting that he be reimbursed for the attorney's fees he incurred in connection with the prosecution of this case. Attached as Exhibit 1 are the attorney's fees invoices, which were previously provided to defense counsel. Mr. Cupersmith also requests that he be reimbursed for his lost income to his firm from the time he and Mr. Alex Zaslow spent preparing for their trial testimony and the time they spent at the trial. The itemization of those expenses is attached as Exhibit 2, and were previously provided to defense counsel. As a victim in this case, Mr. Cupersmith has provided a victim impact statement addressed to the Court, which is being filed separately under seal to preserve Mr. Cupersmith's privacy regarding the health issues he discusses therein.

Under the Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A ("MVRA"), the Court "shall order . . . that the defendant make restitution to the victim of the offense" (committed by fraud or deceit) for which the defendant has been convicted. 18 U.S.C. §§ 3663A(a)(1), 3663A(c)(1). "[I]n the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity," a victim is "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." *Id.* at § 3663A(a)(2). The Eleventh Circuit has explained "'that by defining 'victim' expansively in scheme-based crimes, Congress

partially overruled *Hughey's*[1] restrictive interpretation of the VWPA and expanded district courts' authority to grant restitution.'" *United States v. Edwards*, 728 F.3d 1286, 1293 (quoting *United States v. Dickerson*, 370 F.3d 1330, 1338 (11th Cir. 2004)). "Thus, 'when the crime of conviction includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense, the court may order restitution for acts of related conduct for which the defendant was not convicted.'" *Edwards*, 728 F.3d at 1293 (quoting *Dickerson*, 370 F.3d at 1339)).

In order to be a victim under the MVRA, "the defendant must have proximately caused" the harm to the victim. *United States v. Martin*, 803 F.3d 581, 593 (11th Cir. 2015). Because a victim can be a person "directly harmed by the defendant's criminal conduct in the course of the scheme," the victim does not have to be the intended target of the defendant's fraud scheme. For instance, in *Martin*, the Eleventh Circuit upheld a restitution order for the successor lenders who had purchased fraudulently procured mortgages from the lenders who were defrauded by the defendant. *Id.* at 593-94; *see also, In re Stewart*, 552 F.3d 1285, 1289 (11th Cir. 2008) (a party may qualify as a victim even though it may not have been the target of the crime, as long as it suffers harm as a result of the crime's commission). In this case, while Mr. Cupersmith was directly harmed by the defendant misusing his identity to submit fraudulent tax returns to the lenders, the banks and the SBA were the entities to which the defendant's fraudulent conduct was directed.

The victim in *United States v. Battista*, 575 F.3d 226 (2d Cir. 2009) is analogous to Mr. Cupersmith as a victim in this case. In *Battista*, the defendant was convicted of conspiracy to

---

[1] The Eleventh Circuit's reference to *Hughey* is the Supreme Court's decision in *Hughey v. United States*, 495 U.S. 411 (1990).

transmit wagering information, which involved betting on NBA games using nonpublic information obtained from a co-conspirator who was an NBA referee. *Id.* The district court awarded the NBA restitution, which it had requested for the compensation it paid to the conspirator referee, the salaries of the NBA employees attributable to reviewing the tapes of games that the conspirator refereed, and attorneys' fees incurred for assisting the government in the investigation and prosecution. *Id.* at 229. Battista challenged the restitution award to the NBA as a victim under either the MVRA or the Victim and Witness Protection Act of 1982 ("VWPA").[2] In upholding the restitution order, the Second Circuit found that the NBA was "directly and proximately harmed" by the defendant committing the crime of conspiracy to transmit wagering information. *Id.* at 231. The Court reasoned that a "key feature" of the conspiracy was the conspirator's ability to "gain a wagering advantage for Battista by using confidential information belonging to the NBA . . . ." *Id.* "Although Battista did not defraud the NBA directly, [the Second Circuit] conclude[d] that the district court properly characterized the NBA as a 'victim' under the VWPA because the NBA was harmed by the conduct committed during the course of the conspiracy to transmit wagering information, e.g., Battista's use of nonpublic information solely belonging to the NBA . . . ." *Id.*

Similarly here, the defendant used Mr. Cupersmith's identity on the fraudulent tax returns that he submitted to the PPP lenders. Even though Mr. Cupersmith was not someone the defendant intended to defraud, he was proximately harmed by the defendant's conduct committed

---

[2] Both the MVRA and VWPA use the same language to determine who is a victim. The Second Circuit in *Battista* analyzed the NBA's status as a victim under the VWPA because if concluded that it did not need to decide whether the defendant's conviction for conspiracy to transmit wagering information was committed by "fraud or deceit" so as to fall under the MVRA. 575 F.3d at 230-31.

in carrying out his scheme to defraud the lenders and the SBA.  The Court should find that Mr. Cupersmith is a "victim" entitled to restitution under the MVRA.

As a victim under the MVRA, Mr. Cupersmith is entitled to restitution for lost income, as well as attorney's fees, which fees are covered by the statute as "other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense."  18 U.S.C. § 3663A(b)(4).  The MVRA authorizes a victim's reimbursement for these expenses and the government refers the Court to the cases cited in its Response to the Defendant's Objections to the Presentence Investigation Report (DE 241), at 41-42.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   s/Aimee Jimenez
Aimee C. Jimenez
Assistant United States Attorney
Court No. A5500795
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9028
Email: aimee.jimenez@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/Aimee Jimenez
Aimee C. Jimenez
Assistant United States Attorney